THE DEMOCRATIC COUNTY COMMITTEE of Queens County, Plaintiff, *v.* THE REPUBLICAN COUNTY COMMITTEE of Queens County, Defendant.

*School commissioners and districts, how changed — elected only from Assembly districts* — 1856, *chapter* 179.

Chapter 179 of the Laws of 1856 gives a school commissioner to each Assembly district, not as such districts existed in 1857, but as they might be in the future.

When the Legislature changes the Assembly districts the school commissioner districts are, of necessity, similarly changed.

There is no way in which school commissioners can be elected except by Assembly districts.

SUBMISSION of a controversy between the Democratic County Committee of Queens county, as plaintiff, and the Republican County Committee of Queens county, as defendant, without action, upon an agreed statement of facts, under section 1279 of the Code of Civil Procedure.

*F. H. Van Vechten,* for the plaintiff.

*W. J. Youngs,* for the defendant.

BARNARD, P. J. :

By chapter 179 of the Laws of 1856 the Legislature created the office of school commissioner for the several counties of the State. The board of supervisors was directed to elect one commissioner for each Assembly district, where a county had more than one Assembly district, and in counties having only one Assembly district the board of supervisors was authorized to divide the district whenever the school districts exceeded 140 in number. Queens county then had but one Assembly district, and there was no division of the district. The Legislature, by this act of 1856, provided that at the annual election of 1857 there should be elected on a separate ballot "in the several Assembly districts" one school commissioner. In 1857, by chapter 337, Queens county was given two Assemblymen, and the supervisors of the altered districts were directed to "divide their respective counties into Assembly districts," which was done. A school commissioner was elected for each district in 1857, and every three years thereafter until the present time. In 1864 (Chap. 555, Laws of 1864) the Legislature adopted the districts as recognized by

the election of 1863, and declared in the second section of such act that these districts for the election of school commissioners should continue to be held and regarded as school commissioner districts, except "as the same shall be altered" by the Legislature.

By chapter 397, Laws of 1892, Queens county was given three members of Assembly, and the supervisors, by direction of the Legislature, divided the county into three Assembly districts, and the question presented is, whether the school commissioner districts are changed without a specific legislative declaration to that effect other than is involved in the change of the Assembly districts. We think that the change of the Assembly districts was a change of the school commissioner districts. There is no power by which a school commissioner can be elected except by Assembly districts under the Laws of 1856 and 1864. When the Legislature changes the Assembly districts, of necessity the school commissioner districts are changed; otherwise there can be no legal election of school commissioners in the several Assembly districts. One part of the old Assembly district is not included in the new, and there is no provision for an election in a school commissioner district made up in part by territory lying in two separate Assembly districts. The law of 1856 stands, and the discrepancy between its requirements and the Laws of 1892, reapportioning Queens county into three Assembly districts, cannot be considered as a basis for the position taken by those who claim to elect two school commissioners in Queens county, not in the Assembly districts under the existing election laws, but under districts which are other and different from the Assembly districts. The law gives a school commissioner to the Assembly district, not as it was in 1857, but as such Assembly district may be made in the future. The judgment of the court on the submitted case is, that the county of Queens school districts are the same as the Assembly districts, and there must be a commissioner elected at the coming election, one for each Assembly district, with the exception of Long Island City, which forms a separate Assembly district and has its own school law.

DYKMAN and PRATT, JJ., concurred.

Judgment upon submitted case, that a school commissioner be elected in each Assembly district in Queens county outside of Long Island City.